IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONECUH RIVER TIMBER CO., LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> POSSUM TROT, LLC, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 2:22-cv-494-RAH <br> [WO] |

## **MEMORANDUM OPINION AND ORDER**

### **I.     INTRODUCTION**

Plaintiff Conecuh River Timber Co., LLC (Conecuh River Timber) brought this action against Defendants Possum Trot, LLC (Possum Trot) and James Michael Hattaway, Possum Trot's sole member (collectively, Defendants), asserting state law claims for trespass, conversion, and a violation of Alabama Code § 9-13-62. According to Conecuh River Timber, the Defendants unlawfully bulldozed a road on its property, removed a fence, and destroyed or removed numerous trees, among others.  Conecuh River Timber claims damages in excess of $150,000.  It requests compensatory, punitive, statutory, and exemplary damages; injunctive relief; attorney's fees; and costs.

Now pending before the Court are Hattaway's and Possum Trot's motions to dismiss for want of subject matter jurisdiction. (Docs. 7, 11.) The motions are ripe for review. For the following reasons, the motions are due to be denied.

## II.   LEGAL STANDARD

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, may be a factual or facial attack on subject matter jurisdiction. *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002). A factual attack permits the district court to weigh evidence outside the pleadings to satisfy itself of the existence of subject matter jurisdiction in fact. *Id.* at 1237. However, a facial attack merely questions the sufficiency of the pleading. *Id.* Under a facial attack, the district court accepts the plaintiff's allegations as true and need not look beyond the face of the complaint to determine whether the court has subject matter jurisdiction. *Id.*

## III.   BACKGROUND

Conecuh River Timber, Possum Trot, and a separate company, Conecuh Plantation LLC (Conecuh Plantation), each own property in Covington County, Alabama. Possum Trot's property adjoins the eastern boundary of Conecuh River Timber's property, and Conecuh Plantation's property adjoins the northern boundary of Conecuh River Timber's property. Conecuh River Timber previously granted Conecuh Planation an easement for vehicular traffic that allows Conecuh

Planation to access a private road on Conecuh River Timber's property through a gate on the property's eastern boundary. Possum Trot has no easement or other permission to use this private road.

On or about July 3, 2022, David Hightower, one of Conecuh River Timber's members, saw that the Defendants had begun to bulldoze a new road from Possum Trot's property connecting to Conecuh River Timber's private road. Hightower immediately advised the Defendants verbally and in writing that their conduct was wrongful and directed them to cease all work. Hightower also installed multiple signs on Conecuh River Timber's property near the alleged trespass announcing that construction activity on the property was not authorized. However, the Defendants ignored these instructions and proceeded to come onto Conecuh River Timber's property while Hightower was out of town. According to the Complaint, the Defendants damaged the property in the following ways: the Defendants (1) destroyed and removed a fence on Conecuh River Timber's property that separated it from Possum Trot's property; (2) removed, damaged, or destroyed more than a dozen mature living trees on Conecuh River Timber's property; (3) compacted the dirt on Conecuh River Timber's property with a road compactor; and (4) spread a large volume of rocks on Conecuh River Timber's property. Conecuh River Timber alleges that the cost to replace the trees and fencing and to restore its property

to its previous condition exceeds $75,000. Additionally, the Defendants' alleged actions have devalued Conecuh River Timber's property in excess of $75,000.

## IV. DISCUSSION

Conecuh River Timber seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. For the Court to exercise diversity jurisdiction, the action must be between "citizens of different States," and the amount in controversy must exceed $75,000, exclusive of interests and costs. *See id.* § 1332(a)(1).[1]

The Defendants assert in their motions that they are lodging a factual attack on the Court's subject matter jurisdiction, arguing that Conecuh River Timber did not allege the amount in controversy in good faith. The Defendants also sought to take discovery about the amount in controversy, sought leave to present affidavits contesting the amount in controversy, and requested that the Court order Conecuh River Timber to submit evidence supporting its damages. The Defendants did not attach any evidence to their motions. The Court doubts whether a defendant can lodge a factual attack on the Court's subject matter jurisdiction by merely arguing, in a conclusory manner and without factual or evidentiary support, that the plaintiff did not allege the amount in controversy in good faith. Nonetheless, the Court will

---

[1] The Defendants do not argue that complete diversity of citizenship is lacking. Upon review of the Complaint, the Court concludes Conecuh River Timber has sufficiently alleged that Conecuh River Timber is a Florida citizen and that Hattaway and Possum Trot are Alabama citizens. (*See* Doc. 1 at 1–2, ¶¶ 1–3.) Thus, the parties are completely diverse for purposes of § 1332.

assume without deciding that the Defendants' conclusory arguments were sufficient to mount a factual attack.

In response, Conecuh River Timber attached two declarations: (1) the declaration of David Hightower (Doc. 14-1); and (2) the declaration of James Turner, an Alabama-licensed general real estate appraiser (Doc. 14-2). In his declaration, Hightower states that before the Complaint was filed, he received a quote for replacing the trees. According to the quote, the purchase and transport costs alone exceeded $70,000, excluding the additional cost to have the trees installed and sales tax of at least 6%. (Doc. 14-1 at 3.) In addition to the tree replacement costs, Hightower states "it was obvious it would require significant expense to remediate the site of the new road by removing the rocks . . . , rehabilitating the soil that was compacted with a road compactor, and reinstalling fencing." (*Id.*) On September 27, 2022, Hightower received a proposal from an Alabama-licensed contractor estimating that the cost to restore the site of the new road to its natural condition would be $36,750. (*Id.* at 4.) Additionally, Turner opines in his declaration that the property's value has diminished in the amount of at least $93,000 due to the Defendants' actions. (Doc. 14-2.) Conecuh River Timber also argued in its response that the Defendants' request for leave to submit affidavits is untimely because they could have filed any such affidavits with their motions.

In their reply, the Defendants attached two declarations. First, the Defendants provide a declaration from Hattaway. Hattaway explains that Possum Trot's and Conecuh River Timber's properties are accessed from a paved county road by turning onto a dirt road (a public county road called Hunters Road). (Doc. 15-1 at 1.) Hattaway states that for two and a half years, he and his wife have accessed their home by coming through a gate and "proceeding over an easement" across the dirt road. (*Id.* at 2.) Hattaway also opines that any removal of the crushed "stone" would be "minimal," explaining that "the area where stone was placed that is not on Possum Trot property consists of approximately 324 square feet." (*Id.* at 3.) Second, the Defendants provide a declaration from John Loflin, a forest management consultant and Alabama-registered forester. (Doc. 15-2.) Loflin opines that the fair market value of the allegedly damaged property has not been reduced. (*Id.* at 3.)

As noted above, the only evidence provided by the Defendants was attached to their reply brief. But courts ordinarily do not consider evidence submitted for the first time in a reply brief. *See, e.g.*, *Tortorigi Transp., LLC v. Burkhalter Rigging, Inc.*, No. 18-CV-00939, 2018 WL 11210035, at *1 (N.D. Ala. Nov. 7, 2018). The Complaint made sufficiently clear the bases for Conecuh River Timber's requested damages such that if the Defendants wanted to factually attack the requested damages, they could and should have presented evidence when they filed their motions instead of waiting until the reply brief. In their reply brief, the Defendants

offer no reason, let alone a compelling one, as to why they did not present their evidence with their motions. Thus, the Court concludes that the Defendants' evidentiary submissions were untimely, and consequently the Court declines to consider them.

The parties also disagree about the applicable standard for evaluating the amount in controversy. The Defendants contend that Conecuh River Timber must demonstrate by a preponderance of the evidence that the amount in controversy is met, whereas Conecuh River Timber contends that the "legal certainty" test applies. "A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). Generally, dismissal is appropriate only if it appears to a legal certainty that the amount in controversy is less than the jurisdictional amount. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Jones v. Landry*, 387 F.2d 102, 104 (5th Cir. 1967) ("In deciding this question of good faith we have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" (citation omitted)).[2] However, in a case where the plaintiff seeks declaratory or injunctive relief, and jurisdiction is based on a claim for indeterminate damages, *Red Cab*'s

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

"'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *McKinnon Motors*, 329 F.3d at 807.

*McKinnon Motors* did not hold that the alternative preponderance-of-the-evidence standard applies where the plaintiff seeks compensatory damages, and the Court could not locate a published opinion in which the Eleventh Circuit applied this standard to a damages claim. The Court is not persuaded that the preponderance-of-the-evidence standard applies here, where Conecuh River Timber seeks compensatory damages that are determinate because the Complaint alleges damages in excess of $150,000. Thus, the Court will apply the generally applicable "legal certainty" test in this case.

The Defendants have failed to demonstrate to a legal certainty that the amount in controversy is less than the jurisdictional amount. First, Hightower's declaration supports the Complaint's allegations that the cost to restore the property to its prior condition, replace the trees, and replace the fence exceeds $75,000. Before the Complaint was filed, Hightower received a quote that the costs for purchasing and transporting new trees exceeded $70,000, excluding the costs of installation and sales tax. And it was reasonable for Hightower to conclude that additional expenses would be required to remove the rocks, rehabilitate the soil, and reinstall the fence,

8

bringing the total damages above $75,000. Additionally, Turner's declaration supports the Complaint's allegations that the Defendants' actions diminished the property's value in excess of $75,000. Turner opines that the property's value has diminished in the amount of at least $93,000 due to the Defendants' actions. (Doc. 14-2.) Conecuh River Timber's declarations are more than sufficient to rebut the Defendants' lack-of-good-faith argument. Even if the Court is wrong about the applicable standard and Conecuh River Timber were required to prove the amount in controversy by a preponderance of the evidence, Conecuh River Timber has done so with Hightower's and Turner's declarations.[3] Finally, the Defendants have not demonstrated they are entitled to jurisdictional discovery at this stage. Accordingly, the Defendants' motions are due to be denied.

## V.   CONCLUSION

For the reasons stated, it is ORDERED that the Motions to Dismiss (Docs. 7, 11) are DENIED.

---

[3] Even if the Court considered the Defendants' late-filed evidence, the Court's conclusion would remain the same. As noted, Conecuh River Timber alleges that the Defendants' alleged trespass diminished the property value by at least $75,000. Conecuh River Timber produced evidence from an Alabama-licensed real estate appraiser who opined that the property's value has diminished at least $93,000 due to the alleged trespass. In their reply brief, the only evidence the Defendants produced with respect to the property value was Loflin's opinion that the fair market value of Conecuh River Timber's property has not reduced. However, Loflin does not claim to be a real estate appraiser. Thus, even if the Defendants' evidence were properly before the Court, and assuming without deciding that the evidence was sufficient to show that Conecuh River Timber's claimed property damage does not exceed the jurisdictional minimum, the Defendants have failed to show that Conecuh River Timber's claimed diminution in value was not made in good faith.

**DONE** on this the 1st day of November, 2022.

                                                  /s/ R. Austin Huffaker, Jr.
                                        R. AUSTIN HUFFAKER, JR.
                                        UNITED STATES DISTRICT JUDGE