IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONECUH RIVER TIMBER CO., LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-cv-494-RAH |
| | ) [WO] |
| POSSUM TROT, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff Conecuh River Timber Co., LLC (Conecuh River Timber) brought this action against Defendants Possum Trot, LLC (Possum Trot) and James Michael Hattaway, Possum Trot's sole member, asserting state law claims for trespass, conversion, and a violation of Alabama Code § 9-13-62. According to Conecuh River Timber, the Defendants unlawfully bulldozed a road on its property, removed a fence, and destroyed or removed numerous trees, among others.

Now pending before the Court is Hattaway's Motion to Compel Arbitration. (Doc. 25.) The motion is ripe for review. For the following reasons, the motion is due to be denied.

## LEGAL STANDARD

If an arbitration agreement exists in this case, it is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (FAA). Although the FAA creates a

1

"'presumption of arbitrability' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,'" this presumption "does not apply to disputes concerning whether an agreement to arbitrate has been made." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (citations omitted). "The threshold question of whether an arbitration agreement exists at all is 'simply a matter of contract.'" *Id.* (citation omitted). And a party cannot be compelled to arbitrate their claims unless they have agreed to do so. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

## DISCUSSION

In support of his motion, Hattaway attaches his own affidavit and a copy of an "Ingress, Egress, Utilities and Drainage Easement Agreement" (hereinafter Easement Agreement or Agreement) entered into by Hapisa, LLC; Conecuh Plantation, LLC; and At Store, LLC. Neither Hapisa, Conecuh Plantation, nor At Store is a party to this lawsuit.

Hattaway signed the Easement Agreement on behalf of Conecuh Plantation as a manager. Paragraph 6h of the Easement Agreement contains an arbitration clause providing that "any dispute between the parties concerning maintenance and repair or any other matter under this Easement Agreement shall be finally resolved and determined exclusively by arbitration." (Doc. 25-1 at 23.)

Conecuh River Timber raises several arguments in opposition to arbitration, including that neither it nor Hattaway individually is a signatory to the Easement Agreement. According to Conecuh River Timber, because Hattaway has not shown that he and Conecuh River Timber made an agreement to arbitrate, Conecuh River Timber cannot be compelled to arbitrate its claims against Hattaway. Although he was permitted to do so, Hattaway did not file a reply brief addressing Conecuh River Timber's arguments.

"[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists." *Bazemore*, 827 F.3d at 1329 (emphasis omitted) (citation omitted); *see also First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Paragraph 10 of the Easement Agreement provides that Alabama law governs all disputes, (Doc. 25-1 at 25), and no party argues that another state's law should apply. Accordingly, the Court concludes that Alabama law governs.

Hattaway bears the burden to prove that the parties had an agreement to arbitrate Conecuh River Timber's claims, or that some other basis exists that requires Conecuh River Timber to arbitrate its claims. *See TranSouth Fin. Corp. v. Bell*, 739 So. 2d 1110, 1114 (Ala. 1999); *see also Mason v. Midland Funding LLC*, 815 F. App'x 320, 327 (11th Cir. 2020) (per curiam) (suggesting that the party moving to compel arbitration bears the burden "to show an enforceable arbitration agreement exists"). Here, Hattaway does not assert or provide evidence that Conecuh River

3

Timber agreed to arbitrate its claims against him. Conecuh River Timber did not sign the Easement Agreement; the Agreement was signed only by Hapisa, LLC; Conecuh Plantation, LLC; and At Store, LLC. *See I.C.E. Contractors v. Martin & Cobey Constr. Co.*, 58 So. 3d 723, 725 (Ala. 2010) (explaining that a signature on a contract may show mutual assent to the contract's essential terms). This poses an obstacle for Hattaway because under Alabama law, "[i]t is the general rule that a nonsignatory to an arbitration agreement cannot be forced to arbitrate her claims." *Cook's Pest Control, Inc. v. Boykin*, 807 So. 2d 524, 526 (Ala. 2001).

Hattaway does assert that Paragraph 8 of the Easement Agreement provides that "[t]his Easement Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns forever." (Doc. 25 at 1.) But Hattaway does not explain how Paragraph 8 is relevant to his motion, nor does he make any arguments regarding successors or assigns. For example, he does not assert that he, Conecuh River Timber, or both are successors or assigns of any party to the Easement Agreement. And while Alabama law contemplates that nonsignatories may be compelled to arbitrate their claims under limited circumstances, *see Custom Performance, Inc. v. Dawson*, 57 So. 3d 90, 97–99 (Ala. 2010), Hattaway does not argue that any of those circumstances apply here such that Conecuh River Timber, a nonsignatory, can be compelled to arbitrate its claims against him.

4

Although Hattaway does not address Conecuh River Timber's signatory/nonsignatory status, he does address his own. He contends he is a signatory to the Easement Agreement "at least in his capacity as member and manager of non-party Conecuh Planation, LLC," but argues in the alternative that even if he is a nonsignatory "individually," he may compel Conecuh River Timber to arbitrate its claims under an equitable estoppel theory. (Doc. 25 at 2.) In support, Hattaway cites *Lavigne v. Herbalife, Ltd.*, where the court outlined two circumstances in which a nonsignatory to an arbitration agreement may compel arbitration: "(1) when the plaintiff-signatory 'must rely on the terms of the written agreement in asserting [its] claims,' or (2) when the plaintiff-signatory alleges 'substantially interdependent and concerted misconduct' by the signatories and non-signatories, and such alleged misconduct is 'founded in or intimately connected with the obligations of the underlying agreement.'" 967 F.3d 1110, 1118–19 (11th Cir. 2020) (alteration in original) (quoting *Goldman v. KPMG, LLP*, 92 Cal. Rptr. 3d 534, 541 (Cal. Ct. App. 2009)).

Hattaway does not meaningfully argue that he signed the Easement Agreement individually. Moreover, the record reflects that Hattaway did not sign the Easement Agreement individually; rather, he signed on behalf of Conecuh Plantation as manager. Accordingly, the Court will address whether Hattaway can compel arbitration as a nonsignatory.

The first problem with Hattaway's argument is that the arbitration agreements in *Herbalife* were governed by California—not Alabama—law. *Id.* at 1118–19 (noting that California law governs the agreements at issue and citing a California Court of Appeals case regarding equitable estoppel). Hattaway does not explain why these California legal principles should apply to this Alabama dispute. Even assuming *Herbalife* applies here, it does not help Hattaway because he has not shown that Conecuh River Timber signed the Easement Agreement. *See id.* at 1118–20 (explaining that equitable estoppel under California law allows a *nonsignatory* to compel a *signatory* to arbitrate the signatory's claims). Even if Conecuh River Timber did sign the Agreement, Hattaway does not explain how Conecuh River Timber must rely on the terms of the Agreement in advancing its claims against Hattaway in this lawsuit, or how Conecuh River Timber alleges "substantially interdependent and concerted misconduct" by the signatories and non-signatories that is "founded in or intimately connected with the obligations of the underlying agreement." *See id.* at 1119 (citation omitted).

Turning to Alabama law, the Alabama Supreme Court appears to recognize two equitable estoppel theories in the arbitration context.[1] First, a nonsignatory may be equitably estopped from avoiding arbitration "when he or she asserts legal claims

---

[1] Although Hattaway did not cite Alabama law in support of his motion to compel arbitration, Conecuh River Timber did so in its response in opposition. For this reason, and because Alabama law governs whether an arbitration agreement exists, the Court will discuss it here.

6

to enforce rights or obtain benefits that depend on the existence of the contract that contains the arbitration agreement." *Custom Performance*, 57 So. 3d at 98 (emphasis omitted). In this context, "the nonsignatory is treated as a third-party beneficiary" even if the nonsignatory is not in fact a third-party beneficiary. *See id.* (emphasis omitted). But Hattaway has not explained how Conecuh River Timber is seeking to "enforce rights or obtain benefits that depend on the existence of the contract that contains the arbitration agreement"—here, the Easement Agreement. *See id.* at 98. Thus, this first equitable estoppel theory does not help him.

Second, the doctrine of intertwining may apply "where arbitrable and nonarbitrable claims are so closely related that the party to a controversy subject to arbitration is equitably estopped to deny the arbitrability of the related claim." *Conseco Fin. Corp. v. Sharman*, 828 So. 2d 890, 893 (Ala. 2001). However, the doctrine of intertwining only permits a *nonsignatory* to compel a *signatory* to arbitrate their claims over the signatory's objection. *Ex parte Tony's Towing, Inc.*, 825 So. 2d 96, 98 (Ala. 2002). Moreover, the Alabama Supreme Court has held that "the doctrine of intertwining does not apply when there is no ongoing arbitration between the parties to the arbitration agreement." *Conseco*, 828 So. 2d at 893–94. Here, there has been no showing that Conecuh River Timber is a signatory. Thus, Conecuh River Timber "has never agreed to arbitrate anything and, therefore, it is not estopped from avoiding arbitration" under the intertwining claims theory. *See*

7

*Ex parte Tony's Towing*, 825 So. 2d at 98. Moreover, Hattaway does not assert that there is ongoing arbitration between the parties to the arbitration agreement, so the doctrine of intertwining fails for this additional reason. *See Conseco*, 828 So. 2d at 893–94.

In sum, Hattaway has not met his burden of proving that he and Conecuh River Timber agreed to arbitrate Conecuh River Timber's claims, nor has he articulated any basis to compel Conecuh River Timber to arbitration as a nonsignatory. Consequently, the motion to compel arbitration is due to be denied.

## CONCLUSION

For the reasons stated, it is ORDERED that Defendant James Michael Hattaway's Motion to Compel Arbitration (Doc. 25) is due to be and is hereby DENIED.

**DONE** on this the 10th day of March, 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE